# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02521-STV

JEFFREY HELVIE,

    Plaintiff,

v.

CHAD JENKINS,

    Defendant.

_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Plaintiff's Motion for Leave to File Notice of Appeal Outside of 30 Days.[1] [#45] Through the Motion, Plaintiff seeks an order extending his time to file a Notice of Appeal of this Court's Orders granting Defendant's summary judgment motion and entering Judgment in favor of Defendant. [##43, 44] Defendant takes no position on the Motion. [#45 at 1] For the following reasons, the Motion is **GRANTED.**

    Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), "[i]n a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." In the instant matter, Judgment was entered on

---

[1] The Motion is before the Court on the parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [##11, 13]

April 13, 2022. [#44] Accordingly, Plaintiff's Notice of Appeal was due 30 days after entry of Judgment, or on May 13, 2022. Plaintiff did not file a Notice of Appeal by that deadline.

A district court may extend the time to file a notice of appeal after the 30 day deadline if "that party shows excusable neglect or good cause." Fed. Rule App. Proc. R 4(a)(5)(ii). In determining whether a party demonstrates excusable neglect justifying an extension of time, the Court must consider the following factors: "(i) the danger of prejudice to the non-movant; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was in the reasonable control of the movant; and (iv) whether the movant acted in good faith." *Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761 (10th Cir. 2007) (citing *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). The finding of excusable neglect is within the discretion of the trial court. *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1045 (10th Cir. 1994).

Because Defendant does not take a position on this Motion, the Court finds that there is no danger of prejudice to the non-movant. The Court further finds that the less than one month delay in the filing of the appeal will not significantly delay the judicial proceedings in this matter. As for the reason for delay, Plaintiff represents that the Order and Final Judgment he seeks to appeal were entered while his counsel was on an eight week medical leave involving numerous surgeries and the prescription of medications which impacted counsel's ability to work at his typical capacity. [*See* #45 at 2-3] Because the notice of appeal deadline did not exist prior to Counsel's medical leave—and because the case's posture led him to believe that no action would be necessary during his leave— Counsel did not have another lawyer in his office calendar the date. [*Id.* at 5] Instead,

Counsel himself calendared the deadline while he was still on leave and recovering; in doing so, he mistakenly calendared the deadline to file the notice as 49 days from the entry of judgment, as is permitted under the corresponding Colorado state appellate rules. [*Id.* at 4]

Some of these factors were certainly within Counsel's control. For example, and as plaintiff recognizes, Counsel could have assigned another attorney to monitor this case and calendar the deadline for him. [*Id.* at 5] However, the Court recognizes that Counsel did attempt to cover his cases and that his medical leave involved unexpected and serious changes to his health and the circumstances of his recovery. These medical circumstances were not reasonably within Plaintiff's control. The Court therefore finds that it was Counsel's excusable negligence, brought on by his medical condition, which led to the instant missed deadline. What's more, the Court finds that Plaintiff has acted in good faith. Plaintiff himself assisted Counsel as requested during the pendency of the case and the error of calendaring the deadline was Counsel's alone. [*Id.* at 5 n. 2] Moreover, the Motion represents that Counsel took immediate steps to remedy the error by drafting the instant motion and conferring with opposing counsel as soon as he was made aware of the mistake, which was before the corresponding, and incorrectly calendared, state court deadline had passed. [*Id.* at 5-6]

Thus, given the combination of these circumstances and the absence of bad faith or prejudice to the Court or Defendant, the Court **GRANTS** the Motion. Plaintiff shall file his Notice of Appeal on or before **June 13, 2022**. **SO ORDERED**,

4

DATED:  June 3, 2022　　　　　　　　BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge